UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MICHAEL MEDEIROS and NIKKI MEDEIROS, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF RINDGE, ROBERT EDWARD KNIGHT, NEW HOLLAND AGRICULTURE OF NORTH AMERICA, and CNH INDUSTRIAL AMERICA, LLC, <br><br> Defendants. | Civil Action No.: |

**COMPLAINT AND JURY DEMAND**

**PARTIES**

1. The Plaintiffs, Michael Medeiros and Nikki Medeiros (hereinafter "Plaintiffs"), are residents of the Commonwealth of Massachusetts with a mailing address of 688 Beacon Street, Lowell, Massachusetts 01850.

2. The Defendant, Town of Rindge, is a municipality located in Cheshire County, New Hampshire.

3. The Defendant, Robert Edward Knight, is a resident of the State of New Hampshire with a mailing address of 100 Drag Hill Road, Rindge, NH 03461.

4. The Defendant, New Holland Agriculture of North America (hereinafter "New Holland Agriculture"), is a corporation doing business in the State of Pennsylvania with a mailing address of 500 Diller Avenue, New Holland, NH 17557.

5. The Defendant, CNH Industrial America LLC (hereinafter CNH Industrial) is a corporation with principal place of business at 700 State Street in Racine, Wisconsin, 53404.

1

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332(a) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is appropriate under 28 U.S.C. § 1391(b) because the incident giving rise to this action occurred in the State of New Hampshire.

## GENERAL ALLEGATIONS

8. At all relevant times, the Defendants New Holland Agriculture and CNH Industrial America LLC designed, manufactured, distributed, sold, modified and inspected tractor vehicles.

9. At all relevant times, Defendant Robert Edward Knight was an agent, servant or employee of the Defendant Town of Rindge.

10. The Town of Rindge had hired, retained, supervised and trained Mr. Knight with respect to his duties and responsibilities, which included operating tractor vehicles.

11. On or about June 21, 2021, Plaintiff Michael Medeiros was driving his motorcycle eastbound on a public roadway known as US Route 119 in Rindge, New Hampshire.

12. At all relevant times, Mr. Medeiros was exercising due care and taking all necessary and reasonable precautions for his safety in keeping a proper lookout for other vehicles.

13. On or about June 21, 2021, Defendant Robert Edward Knight was operating a New Holland Agriculture/CNH Industrial America LLC Tractor with VIN number NH05042M (hereinafter "Tractor") eastbound on the public roadway known as US Route 119 in Rindge, New Hampshire.

14. At all relevant times, the Tractor was owned by the Defendant Town of Rindge.

15. The Tractor was designed, manufactured, advertised, distributed, and/or sold by the Defendant New Holland Agriculture and/or CNH Industrial America LLC.

16. On or about June 21, 2021, Mr. Knight negligently and recklessly operated the Tractor and caused/contributed to cause an accident which resulted in permanent and severe injury to Mr. Medeiros, including a lower leg amputation.

17. On or about June 21, 2021, the acts or omissions of the Town of Rindge caused/contributed to cause permanent and severe injury to Mr. Medeiros, including a lower leg amputation.

18. On or about June 21, 2021, the Tractor was defective, hazardous and not safe or suitable for use or operation on public roadways and these conductions caused/contributed to cause an accident which resulted in permanent and severe injury to Mr. Medeiros, including a lower leg amputation.

19. As a result of the Defendants acts or omissions, Mr. Medeiros suffered severe bodily injuries, including the amputation of one of his legs below the knee. Mr. Medeiros spent significant time in the hospital and still experiences severe pain throughout his body as a result of the incident.

20. As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants, Mr. Medeiros suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of earning capacity, and loss of the capacity for the enjoyment of life. Mr. Medeiros was required to undergo extensive medical treatment and he and his wife have incurred significant medical costs and expenses relative to his injuries, pain, and suffering.  Mrs. Medeiros was also harmed as a result of the acts or omissions of the Defendants.

## COUNT I
## NEGLIGENCE v. ROBERT EDWARD KNIGHT

21. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 20 above, as if expressly rewritten and set forth herein.

22. Defendant Robert Edward Knight had a duty to Mr. Medeiros to operate any vehicle or tractor in a safe and prudent manner while observing traffic laws and ordinances of the State of New Hampshire, the statutory rules of the road, and other common law traffic requirements, including keeping a proper lookout for all vehicles, avoiding a collision, operating and driving in a safe and careful manner, and maintaining proper control of his vehicle at all times, in addition to using due care to avoid harm to others.

23. Mr. Knight breached his duties when he negligently and carelessly operated his motor vehicle on June 21, 2021.

24. As a direct and proximate result of the carelessness, recklessness, and negligence of Mr. Knight, Mr. Medeiros sustained serious personal injuries, suffered conscious pain and suffering, emotional anguish, emotional distress, as well as a general decrease in the enjoyment of life, and Mrs. Medeiros sustained losses and harm, including a loss of consortium, care, comfort and support.

25. As a further direct and proximate result of Mr. Knight's negligence as herein alleged, the Plaintiffs incurred medical expenses and will continue to incur such expenses in the future.

WHEREFORE, Plaintiffs demand judgment against Robert Edward Knight in an amount that will adequately compensate Plaintiffs for their losses, together with interest and costs.

## COUNT II
## NEGLIGENCE v. TOWN OF RINDGE

26. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 25 above, as if expressly rewritten and set forth herein.

27. Robert Edward Knight operated a motor vehicle owned by the Town of Rindge in a negligent manner.

28. At all relevant times, Mr. Knight was operating the Tractor in the scope of his employment with the Town of Rindge, during the course of normal work hours, with the permission of his employer.

29. The Town of Rindge negligently failed to properly hire, retain, supervise and/or train Mr. Knight.

30. The aforesaid injuries were the direct and proximate cause of a breach of duty owed by Mr. Knight, in his capacity as an agent, servant, and/or employee of the Town of Rindge.

31. Town of Rindge is liable for the acts and/or omissions of Mr. Knight that occurred in the scope of his employment.

32. Town of Rindge is liable pursuant to the law of agency and/or doctrine of respondeat superior.

33. Town of Rindge is also liable because it negligently failed to properly hire, train, supervise and/or retain Mr. Knight.

34. As a direct and proximate result of the Defendant's negligent acts and/or omissions, Mr. Medeiros sustained serious personal injuries, suffered conscious pain and suffering, emotional anguish, emotional distress, as well as a general decrease in the enjoyment of life and Mrs. Medeiros sustained injury or loss.

35. As a further direct and proximate result of the actions and/or omissions of the Defendant, the Plaintiffs incurred medical expenses and will continue to incur such expenses in the future.

WHEREFORE, Plaintiffs demand judgment against the Town of Rindge in an amount that will adequately compensate Plaintiffs for their losses, together with interest and costs.

## COUNT III
## NEGLIGENCE v.
## NEW HOLLAND AGRICULTURE/CNH INDUSTRIAL AMERICA LLC

36. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 35 above, as if expressly rewritten and set forth herein.

37. At all relevant times, New Holland Agriculture/CNH Industrial designed, manufactured, advertised, distributed, and/or sold tractors, including the Tractor operated by Mr. Knight on the date of the incident as described herein.

38. The aforesaid motor vehicle accident and the resulting injuries to Mr. Medeiros and Mrs. Medeiros were proximately caused by the negligence and breaches of duties owed by New Holland Agriculture/CNH Industrial, their agents, servants, and/or employees, including but not limited to, the following:

    a. Failing to properly design the Tractor and/or its parts;

    b. Failing to properly manufacture the Tractor and/or its parts;

    c. Failed to properly distribute the Tractor;

    d. Failing to adequately test the Tractor to assess, determine, eliminate, and/or reduce the risk and/or likelihood of motor vehicle accidents on public roadways;

    e. Failing to ensure that the Tractor was free of any hazards or unsafe conditions and suitable for operation on public roadways;

    f. Failing to install appropriate and/or sufficient turn signal indicators in appropriate locations on the Tractor;

g. Placing in the channels of trade a product that New Holland Agriculture/CNH Industrial knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

h. Marketing an inherently unsafe and/or dangerous product;

i. Misrepresenting that the Tractor was safe when New Holland Agriculture/CNH Industrial knew or should have known that the product was dangerous and/or unsafe;

j. Failing to make appropriate recommendations concerning the use and/or maintenance of the Tractor;

k. Failing to properly withdraw and/or recall the Tractor and/or its component parts from the marketplace;

l. Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, advertising, distribution, and/or sale of the Tractor; and

m. Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, Plaintiffs demand judgment against New Holland Agriculture/CNH Industrial in an amount that will adequately compensate Plaintiffs for their losses, together with interest and costs.

## COUNT IV
## BREACH OF WARRANTIES v. NEW HOLLAND AGRICULTURE/CNH INDUSTRICAL AMERICA LLC.

39. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 38 above, as if expressly rewritten and set forth herein.

40. New Holland Agriculture/CNH Industrial designed, manufactured, advertised, distributed, and/or sold a product, namely a tractor.

41. New Holland Agriculture/CNH Industrial expressly and impliedly warranted that its product was safe, merchantable, and/or fit for its intended uses. New Holland Agriculture/CNH Industrial was a merchant with respect to goods of the kind involved in this incident. New Holland Agriculture/CNH Industrial knew or had reason to know of the particular purpose for which the goods were required, and that the tractor operators were relying on New Holland Agriculture/CNH Industrial's skill, expertise, and/or judgment to select and/or furnish suitable goods.

42. New Holland Agriculture/CNH Industrial also knew or had reason to know that the tractor owners and those operating the tractor and those operating vehicles in the area of the tractors relied on the warranties made by New Holland Agriculture/CNH Industrial.

43. New Holland Agriculture/CNH Industrial breached its warranties because the product was unsafe, not of merchantable quality, and/or unfit for its intended uses and purposes.

44. The significant injuries sustained by Mr. Medeiros and Mrs. Medeiros were a direct and proximate result of the breaches of warranties by New Holland Agriculture/CNH Industrial. Due notice has been given to New Holland Agriculture/CNH Industrial of its breaches of warranty.

45. As a direct and proximate result of the aforesaid motor vehicle accident, the Plaintiffs incurred medical expenses and will continue to incur such expenses in the future.

   WHEREFORE, Plaintiffs demand judgment against New Holland Agriculture/CNH Industrial in an amount that will adequately compensate Plaintiffs for their losses, together with interest and costs.

## COUNT V
## STRICT LIABILITY v. NEW HOLLAND AGRICULTURE/CNH INDUSTRIAL AMERICA LLC

46. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 45 above, as if expressly rewritten and set forth herein.

47. New Holland Agriculture/CNH Industrial designed, manufactured, advertised, distributed, and/or sold the Tractor with inadequate warnings and/or in a defective and/or unreasonably dangerous condition, in each of the following ways:

   a. Failing to properly design the Tractor and/or its parts;

   b. Failing to properly manufacture the Tractor and/or its parts;

   c. Failing to adequately test the Tractor to assess, determine, eliminate, and/or reduce the risk and/or likelihood of motor vehicle accidents;

   d. Failing to install appropriate turn signals in appropriate locations on the Tractor;

   e. Placing in the channels of trade a product that New Holland Agriculture/CNH Industrial knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

   f. Marketing an inherently unsafe and/or dangerous product;

   g. Misrepresenting that the Tractor was safe when New Holland Agriculture/CNH Industrial knew or should have known that the product was dangerous and/or unsafe;

   h. Failing to make appropriate recommendations concerning the use and/or maintenance of the Tractor;

   i. Failing to properly withdraw and/or recall the Tractor and/or its component parts from the marketplace;

    j.   Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, advertising, distribution, and/or sale of the Tractor; and

    k.   Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

48. The significant injuries sustained by Mr. Medeiros and Mrs. Medeiros were a direct and proximate result of New Holland Agriculture/CNH Industrial's failure to adequately warn and/or by virtue of its product's defective and/or unreasonably dangerous condition.

49. As a direct and proximate result of the aforesaid motor vehicle accident, the Plaintiffs incurred medical expenses and will continue to incur such expenses in the future.

WHEREFORE, Plaintiffs demand judgment against New Holland Agriculture/CNH Industrial in an amount that will adequately compensate Plaintiffs for their losses, together with interest and costs.

## COUNT VI
## LOSS OF CONSORTIUM V. ALL DEFENDANTS

50. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 49 above, as if expressly rewritten and set forth herein.

51. The Plaintiff, Nikki Medeiros, was, at all times relevant to this Complaint, the lawful spouse of Michael Medeiros.

52. As a direct and proximate result of the negligence of the Defendants in causing the personal injuries to Michael Medeiros, the Plaintiff, Nikki Medeiros, has been caused to suffer the loss of her husband's care, comfort, counsel, affection, society, companionship and consortium.

WHEREFORE, the Plaintiff, Nikki Medeiros, demands judgment against the Defendants in an amount that will adequately compensate the Plaintiff for her losses, together with interest and costs.

## DEMANDS FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court:

1. Enter a judgment against Defendants declaring they are legally and financially responsible for the damages that the Plaintiffs sustained or incurred;

2. Award the Plaintiffs compensatory damages against the Defendants in an amount equal to the damage they have incurred;

3. Award the Plaintiffs the costs of suit, including attorneys' and expert witnesses' fees;

4. Award the Plaintiffs interest, including but not limited to, pre-judgment interest; and,

5. Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiffs demand a jury trial on all claims and issues so triable.

> Respectfully submitted
> Plaintiffs,
> By their attorneys,
>
> */s/ John A. Donovan III*
> _____
> Anthony J. Antonellis (NH Bar No. 19361)
> John A. Donovan III (NH Bar No. 16223)
> Sloane and Walsh, LLP
> One Boston Place
> 201 Washington Street, Suite 1600
> Boston, MA 02108
> P: (617) 523-6010
> F: (617) 227-0927
> E: aantonellis@sloanewalsh.com
>    jdonovan@sloanewalsh.com

Dated: May 26, 2022